IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| ARCELORMITTAL TUBULAR PRODUCTS, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Court No. 24-00039 |
| THE UNITED STATES, | ) ) ) |
| Defendant, | ) ) |
| and | ) ) |
| DALMINE S.p.A., | ) ) |
| Defendant-Intervenor. | ) |

## ORDER

Upon consideration of the plaintiffs' motion to amend the summons and other papers, ECF No. 12, it is hereby ORDERED that the motion is denied. SO ORDERED.

Dated: _____, 2024     _____
                                                    JUDGE M. MILLER BAKER

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE M. MILLER BAKER, JUDGE

| | | |
|---|---|---|
| ARCELORMITTAL TUBULAR PRODUCTS, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Court No. 24-00039 |
| THE UNITED STATES, | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| DALMINE S.p.A., | ) ) | |
| Defendant-Intervenor. | ) | |

DEFENDANT'S RESPONSE TO
PLAINTIFFS' MOTION TO AMEND THE SUMMONS

Pursuant to Rule 7(d) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully responds to the motion to amend the summons filed by plaintiffs, ArcelorMittal Tubular Products, Michigan Seamless Tube, LLC, Webco Industries, Inc., and Zekelman Industries, Inc.  Pls. Mot., ECF No. 12.  In their motion, plaintiffs seek to amend the summons by adding "PTC Alliance LLC" as a party to this action; plaintiffs also seek further relief associated with the addition of PTC Alliance LLC, namely amending other

2

papers related to adding PTC Alliance LLC to the summons.  *See id.* at 1.  The Court should deny the motion for the reasons set forth below.

As plaintiffs note, *id.* at 1-2, the Court "may allow a summons to be amended at any time on such terms as it deems just, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the amendment is allowed."  CIT R. 3(e).  Plaintiffs assert that there can be no material prejudice to the United States "{g}iven the early stage of this action," Pl. Mot. at 2, but the stage of the action is only one possible basis for material prejudice.  Here, material prejudice would obtain if plaintiffs' motion were granted, because – contrary to plaintiffs' proposed amended summons, Pl. Mot., Attach. 2 at 1 – "PTC Alliance LLC" was *not* a party to the administrative proceeding that led to the determination being challenged.

Pursuant to 19 U.S.C. § 1516a(a)(2)(A) litigation challenging the final results of an antidumping duty administrative review may be initiated by an "interested party who is a party to the proceeding."  No party named "PTC Alliance LLC" participated in the challenged review before Commerce through submission of factual information or argument.  See 19 C.F.R. § 351.102(b)(36) (defining "{p}arty to the proceeding" as "any interested party that actively participates, through written submissions of factual information or written argument, in a segment of a proceeding").  Rather, an entity named "PTC Alliance

3

Corp." participated. For example, in a revised case brief filed in the administrative review on December 18, 2023, plaintiffs' counsel offered comments on behalf of "PTC Alliance Corp.," which is identified as a "domestic producer{ } of cold-drawn mechanical tubing ('CDMT') and petitioner{ } in the underlying investigation of CDMT from Italy"). *See* Attachment A.

Plaintiffs therefore have not demonstrated that PTC Alliance LLC was a "party to the proceeding" within the meaning of § 1516a(a)(2)(A), and the entity lacks standing. *See, e.g.*, *Miller & Co. v. United States*, 824 F.2d 961, 964 (Fed. Cir. 1987) (importer did not participate in administrative proceedings at Commerce, and thus, under 19 U.S.C. § 1516a(a)(2)(A) and 28 U.S.C. § 2631(c), lacked standing to bring an action under 28 U.S.C. § 1581(c)).

Because PTC Alliance LLC lacks standing to challenge the final results of Commerce's review, it would materially prejudice the Government to amend the summons to include PTC Alliance LLC. *See Brimstone Exp. Ltd. v. United States*, 7 C.I.T. 209, 211 (1984) (denying summons amendment where it would create the risk of allowing participation by parties whose interests had not been represented before the agency); *cf. FirstMiss, Inc. v. United States*, 7 C.I.T. 52, 53 (1984) (in granting motion to amend summons, finding it "essential" that the party to be added had participated in the agency proceeding, citing 28 U.S.C. § 2631(c)). Permitting PTC Alliance LLC to participate in this litigation would allow that

4

entity to evade the statutory requirement that it participate in Commerce's proceedings in order to establish standing in this Court, thus materially prejudicing the Government..[1]

It may be that PTC Alliance Corp. and PTC Alliance LLC are the same entity, or that there is some other explanation for the discrepancy between the name of the entity that participated in the Commerce proceeding and the entity sought to be added here. But plaintiffs have not explained or even acknowledged the mismatch, and so the motion does not support the relief sought. For these reasons, the Court should deny plaintiffs' motion to amend the summons and other papers.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

---

[1] We further note that, even if the summons and the other papers identified in plaintiffs' motion were permitted to be amended, this Court would still lack jurisdiction over any claims advanced by PTC Alliance LLC because this company is not named in the complaint. *See* 19 U.S.C. § 1516a(a)(2)(A) (requiring filing of a summons and "within thirty days thereafter a complaint"); 28 U.S.C. § 2636(c) ("A civil action contesting a reviewable determination listed in section 516A of the Tariff Act of 1930 is barred unless commenced in accordance with the rules of the Court of International Trade within the time frame specified in such section"). Thus, plaintiffs still would need to file an amended complaint, either after securing the other parties' consent or with leave of the Court. *See* CIT R. 15(a). The United States takes no position at this time as to whether complaint amendment would be appropriate and whether any amendment would relate back to the original complaint filing date. *See* CIT R. 15(c).

                    PATRICIA M. McCARTHY
                    Director

                    /s/Claudia Burke
                    CLAUDIA BURKE
                    Deputy Director

                    /s/Geoffrey M. Long
                    GEOFFREY M. LONG
                    Senior Trial Counsel
                    Commercial Litigation Branch
                    Civil Division
                    Department of Justice
                    P.O. Box 480, Ben Franklin Station
                    Washington D.C.  20044
                    Telephone: (202) 307-0159
                    Fax: (202) 309-0972
                    E-Mail: Geoffrey.M.Long@usdoj.gov
April 9, 2024                Attorneys for Defendant

# ATTACHMENT A

Case No. A-475-838
Total No. of Pages: 23
§ 751(a) Annual Administrative Review for the Period 6/1/2021-5/31/2022
AD/CVD Operations
Respondent's Business Proprietary Information Released Under APO Deleted from Pages: ii-iii and 5-16
PUBLIC VERSION

BEFORE THE
INTERNATIONAL TRADE ADMINISTRATION
OF THE
U.S. DEPARTMENT OF COMMERCE

COLD-DRAWN MECHANICAL TUBING FROM ITALY

PETITIONERS' CASE BRIEF

KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, DC  20007
(202) 342-8400

Counsel to Petitioners

ECONOMIC CONSULTANTS:

GEORGETOWN ECONOMIC SERVICES, LLC
3050 K Street, N.W.
Washington, DC  20007
(202) 945-6660

September 25, 2023

PUBLIC VERSION

## PETITIONERS' CASE BRIEF

On behalf of ArcelorMittal Tubular Products LLC, Michigan Seamless Tube, LLC, PTC Alliance Corp., Webco Industries, Inc., and Zekelman Industries, domestic producers of cold-drawn mechanical tubing ("CDMT") and petitioners in the underlying investigation of CDMT from Italy (collectively, "Petitioners"), we submit this case brief in connection with the U.S. Department of Commerce's (the "Department") fourth administrative review of the antidumping duty order on CDMT from Italy. This case brief addresses the Department's preliminary findings[1] concerning mandatory respondent Dalmine S.p.A. and Tenaris Global Services U.S.A. Corporation (collectively, "Dalmine") and is timely filed in accordance with the briefing schedule established by the Department.[2]

## SUMMARY OF ARGUMENT

The Department selected Dalmine as the mandatory respondent in this administrative review and while Petitioners support the agency's preliminary findings in most regards, we urge the Department to make a modification to its preliminary analysis. Specifically, we request that the Department find that Dalmine and its affiliate Silcotub should be collapsed and treated as a

---

[1] See Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel From Italy: Preliminary Results of Antidumping Duty Administrative Review; 2021–2022, 88 Fed. Reg. 43,281 (Dep't Commerce July 7, 2023) and accompanying Preliminary Decision Memorandum (Dep't Commerce June 30, 2023).

[2] See Department Memorandum to the File re: Administrative Review of the Antidumping Duty Order on Certain Cold-Drawn Mechanical Tubing from Italy: Establishment of Briefing Schedule (Sept. 8, 2023) (establishing September 15, 2023, as the deadline for submission of affirmative case briefs); see also Department Memorandum to the File re: Administrative Review of the Antidumping Duty Order on Certain Cold-Drawn Mechanical Tubing from Italy: Case and Rebuttal Brief Deadline Extension (Sept. 12, 2023) (extending the deadline for submission of affirmative case briefs to September 22, 2023); see also Department Memorandum to Interested Parties: Administrative Review of the Antidumping Duty Order on Certain Cold-Drawn Mechanical Tubing from Italy: Case and Rebuttal Brief Deadline Extension (Sept. 19, 2023) (extending the deadline for submission of affirmative case briefs to September 25, 2023).