# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| ARCELORMITTAL TUBULAR PRODUCTS, *et al.*, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Court No. 24-00039 |
| THE UNITED STATES, ) ) | |
| Defendant, ) ) | |
| and ) ) | |
| DALMINE S.p.A., ) ) | |
| Defendant-Intervenor. ) | |

## **ORDER**

Upon consideration of the defendant's unopposed motion for voluntary remand, it is hereby ORDERED that the motion is granted. The briefing schedule in this matter (ECF No. 34) is suspended. Defendant shall file the remand results within 90 days of this order. Within 14 days of the filing of the remand results, all parties shall submit a joint status report proposing further proceedings.

SO ORDERED.

Dated: _____, 2024        _____
                                                                    JUDGE M. MILLER BAKER

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| ARCELORMITTAL TUBULAR PRODUCTS, *et al.*, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Court No. 24-00039 |
| THE UNITED STATES, ) ) | |
| Defendant, ) ) | |
| and ) ) | |
| DALMINE S.p.A., ) ) | |
| Defendant-Intervenor. ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR VOLUNTARY REMAND**

Pursuant to Rule 7(b) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court remand the Department of Commerce's final results set forth in *Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel From Italy: Final Results of Antidumping Duty Administrative Review; 2021-2022*, 89 Fed. Reg. 1,523 (Dep't of Commerce Jan. 10, 2024) (P.R. 111), and the accompanying Issues and Decision Memorandum (IDM) (P.R. 105). Defendant further requests that the Court (1) suspend the current briefing schedule in this matter (ECF No. 34) to allow for completion of the remand, (2) order defendant to file the remand results

2

within 90 days of the Court's order granting of this motion, and (3) order the parties to submit a joint status report proposing further proceedings, within 14 days of Commerce filing of the remand results.

On September 26, 2024, plaintiffs' counsel, Melissa Brewer, informed us that plaintiffs will not oppose this motion. On September 25, 2024, defendant-intervenor's counsel, Kristina Zissis, informed us that defendant-intervenor will not oppose this motion.

## **FACTUAL BACKGROUND**

Plaintiffs challenge Commerce's final results in the fourth administrative review of the antidumping duty order covering certain cold-drawn mechanical tubing from Italy. In their motion for judgment on the agency record filed pursuant to Rule 56.2 of this Court's rules, plaintiffs assert that, in the course of the review, on June 1, 2023, plaintiffs submitted comments urging that defendant-intervenor, Dalmine S.p.A., and another entity, S.C. Silcotub S.A., should be treated as a single entity. *See* Pls. Mot. at 13, ECF. No. 37.[1] In these comments, they "cited to five Department memoranda from recent agency cases in which the Department

---

[1] Because the parties have not yet filed the joint appendix relating to plaintiffs' Rule 56.2 motion, we generally cite to plaintiffs' assertions in their Rule 56.2 motion for purposes of the Court's resolution of this motion for remand. Those assertions illustrate the nature of plaintiffs contentions in this action.

3

had considered collapsing entities under analogous facts." *Id.* Commerce initially accepted plaintiffs' June 1 submission. *See id.* at 15-16.

Commerce published preliminary results for the review on June 30, 2023, and in those preliminary results treated Dalmine and Silcotub as separate entities. *See Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel From Italy: Preliminary Results of Antidumping Duty Administrative Review; 2021-2022*, 88 Fed. Reg. 43,281 (Dep't of Commerce July 7, 2023) (P.R. 70), and accompanying *Decision Memorandum for the Preliminary Results of the Administrative Review of the Antidumping Duty Order on Certain Cold Drawn Mechanical Tubing of Carbon and Alloy Steel from Italy; 2021-2022* (June 30, 2023) (P.R. 64).

In plaintiffs' subsequent administrative case brief, they "cited the same five Department memoranda." Pls. Mot. at 17. On December 8, 2023, Commerce "suddenly rejected Petitioners' Case Brief and removed it from the record of the proceeding." *Id.* at 18. In a rejection letter, Commerce "claimed that the citations to prior agency memoranda contained in Petitioners' Case Brief constituted 'factual information,' and because those memoranda had not been placed on the record of the underlying administrative review, they were untimely submitted in Petitioners' Case Brief after the record had closed." *Id.* at 18. Plaintiffs refiled their case brief with the citations redacted, and plaintiffs additionally filed a letter requesting

4

reconsideration and withdrawal of the rejection of the case brief, in which plaintiffs referenced the agency's acceptance of the June 1 submission. *Id.* at 19.

On December 14, 2023, Commerce rejected both the refiled case brief and the earlier June 1 comments, on the basis that the five case citations in the June 1 comments constituted untimely new factual information. *Id.* at 19-20. Plaintiffs sought reconsideration of this decision, asserting among other things that the case citations had been on the record for over six months, and that "as a legal matter, citations to prior agency memoranda are not 'factual information' within the meaning of the Department's regulations at 19 C.F.R. § 351.102(b)(21)." *Id.* at 20-21; *see* P.R. 97. In addition to the written request for reconsideration, plaintiffs also met with Commerce, and asked that the agency reconsider and withdraw its rejection of plaintiffs' case brief and June 1 comments. *Id.* at 21-22; *see* P.R. 102.

Commerce issued its final results on January 10, 2024, and in plaintiffs' view, the final results "failed to address any of the legal and factual arguments [plaintiffs] raised in their letters and during the December 20 meeting," other than a reference in a footnote stating that because plaintiffs' initial case brief contained untimely new factual information, the agency rejected it and permitted plaintiffs to refile without that information. *See id.* at 22.

The Court has entered a scheduling order in this matter, allowing for briefing and resolution pursuant to Rule 56.2. Order, ECF No. 34. In their subsequent

5

Rule 56.2 motion, plaintiffs assert that "[r]emand is necessary" because the final results "fail to provide any explanation or justification for the rejection of Petitioners' submissions" or for the conclusion "that citations to agency memoranda from prior cases are 'factual information' that must be submitted on the record within certain time limits." Pls. Mot. at 25. Plaintiffs also assert that Commerce's "failure to address Plaintiffs' arguments in the Final Results provides a sufficient basis alone for remand." *Id.* at 35. Plaintiffs assert that this failure resulted in Commerce erroneously declining to collapse Dalmine and Silcotub. The correctness of that collapsing decision by Commerce is the sole substantive issue raised by plaintiffs in this case. *See* Pls. Mot. at 54-73.

Defendant's response to plaintiffs' Rule 56.2 motion is due to be filed on October 1, 2024, with defendant-intervenor's Rule 56.2 response due to be filed on October 15, 2024. Order, ECF No. 34.

## ARGUMENT

**I.    Standard Of Review**

An agency may, without confessing error, ask the Court to remand a matter so that the agency may reconsider its prior position. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). The Court possesses discretion over whether to remand, but a voluntary remand in such circumstances is generally appropriate "if the agency's concern is substantial and legitimate," as opposed to

"frivolous or in bad faith." *Id.*; *see Ad Hoc Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013). This Court has held that "concerns are considered substantial and legitimate when (1) Commerce supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013).

Notably, when an agency seeks a voluntary remand to address a substantial and legitimate concern, "it is far more sensible for a court to defer to the agency whose expertise consists of administering the statute." *Gleason Indus. Prods., Inc. v. United States*, 31 C.I.T. 393, 396 (2007). Should the Court grant the request and determine a remand is warranted, the appropriate action is for the Court to remand to Commerce for further proceedings without directing a particular outcome. *See, e.g.*, *Nippon Steel Corp. v. United States*, 345 F.3d 1379, 1381-82 (Fed. Cir. 2003); *Essar Steel Ltd. v. United States*, 678 F.3d 1268, 1275 (Fed. Cir. 2012).

## II. The Court Should Grant Commerce's Request For A Voluntary Remand

Upon further examination of the record, the United States respectfully requests a voluntary remand to allow Commerce, without confessing error, to "reconsider its previous position" as set forth in the final results. *SKF USA*, 254 F.3d at 1029. Specifically, Commerce wishes to (1) respond to plaintiffs' request

7

for reconsideration; (2) reconsider the agency's position with respect to its rejection of materials in which plaintiffs cited prior administrative proceedings; and (3) if appropriate, revise that position with respect to the admissibility of plaintiffs' submissions. Defendant furthermore seeks a full remand because, if plaintiffs' previously-rejected submissions are placed on the administrative record, Commerce will need to consider plaintiffs' accompanying arguments for purposes of the agency's single-entity determination with respect to Dalmine and Silcotub.

Defendant's reasons for seeking remand are "substantial and legitimate," because the considerations described by this Court in previous cases have been met. *See Baroque Timber*, 925 F. Supp. 2d at 1339. First, the Government has a compelling justification for its request because all of the issues in this case turn on the admissibility and consideration of evidence regarding single-entity treatment of Dalmine and Silcotub. Commerce rejected multiple iterations of plaintiffs' submissions because they contained citations to and discussion of five circumvention and affiliation agency memoranda from prior cases, which appear to have been offered to demonstrate prior practice through prior agency memoranda from the record of other proceedings. *See, e.g.*, Pls. Mot. at 55 (asserting that the collapsing analysis in the final results ignored the agency's "own decisions in past cases"). After the rejection of these submissions, plaintiffs submitted a request for reconsideration, yet Commerce in the final results did not expressly address the

request or the arguments on which it was based. Commerce "wish[es] to consider further" the governing regulations and "the procedures that were followed." *See SKF USA*, 254 F.3d at 1028. If upon reconsideration Commerce determines that it should not have rejected these submissions, that determination could change Commerce's single-entity determination and therefore the final results and the disposition of this case.

Second, the need for finality does not outweigh defendant's justification, given the strength of the justification and the fact that plaintiffs themselves assert that remand is required on the grounds that Commerce did not address plaintiffs' request for reconsideration in the final results. *See* Pls. Mot. at 35. Moreover, no party will be opposing our motion.

Third, the scope of our request is appropriate because the remand is related to the admissibility of support for the fundamental underlying issue raised by plaintiffs, namely Commerce's alleged failure to treat Dalmine and Silcotub as a single entity for purposes of the administrative review of the relevant antidumping duty order. *See* Pls. Mot. at 54. Plaintiffs' substantive arguments are largely based on their assertion that Commerce in its collapsing analysis "ignored the [agency's] own decisions in past cases since the Department rejected and removed from the record all of Petitioners['] citations to the relevant affiliation and collapsing memoranda." *Id.* at 55. Plaintiffs further assert that "[t]he issue of collapsing is

crucial to the Department's treatment of the costs of two affiliated entities," and therefore to the final results. *See id.*

Accordingly, there is a substantial and legitimate justification for this Court to grant a voluntary remand. By requesting a voluntary remand of this case, we do not waive any available defenses or any arguments related to the merits of the issues before the Court. *See Tianjin Wanhua Co., Ltd. v. United States*, 253 F. Supp. 3d 1318, 1327-28 (Ct. Int'l Trade 2017).

We furthermore respectfully request that the Court suspend the current briefing schedule in this case, to include the upcoming due dates for responses to plaintiffs' motion for judgment on the agency record. Suspension of the schedule is warranted for the same reasons as the voluntary remand, namely that Commerce's treatment of plaintiffs' citations to other administrative proceedings is fundamental to plaintiffs' arguments, and Commerce's revisitation of that treatment necessarily implicates the final results. The propriety of Commerce's collapsing decision with respect to Dalmine and Silcotub is the only substantive issue raised by plaintiffs in this case. Simply put, it would be inefficient for the parties to brief a challenge to final results that may change on remand. We also request that the Court provide 90 days for Commerce to submit its remand redetermination to the Court, with the parties then ordered to submit a joint status report proposing further proceedings within 14 days of the filing of the remand

results. The joint status report proposal (or proposals, in the absence of all parties' agreement) may include a proposed schedule for comments after remand as contemplated in Rule 56.2(h), or may propose another approach for parties to address plaintiffs' claims in light of the remand results.

## CONCLUSION

For these reasons, we respectfully request that the Court remand this matter in its entirety to Commerce for further administrative proceedings, suspend current briefing deadlines, order Commerce to file its remand redetermination within 90 days of the remand order, and order the parties to submit a joint status report within 14 days of the Commerce's filing of the remand redetermination.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/Claudia Burke
CLAUDIA BURKE
Deputy Director

| | |
|---|---|
| OF COUNSEL: | /s/Geoffrey M. Long |
| | GEOFFREY M. LONG |
| DANIELLE COSSEY | Senior Trial Counsel |
| Attorney | Commercial Litigation Branch |
| Office of the Chief Counsel | Civil Division |
|   for Trade Enforcement & Compliance | Department of Justice |
| U.S. Department of Commerce | P.O. Box 480, Ben Franklin Station |
| | Washington D.C. 20044 |
| | Telephone: (202) 307-0159 |
| | Fax: (202) 309-0972 |
| | E-Mail: Geoffrey.M.Long@usdoj.gov |
| September 26, 2024 | Attorneys for Defendant |